**FILED**

JAN 27 2006

CLERK, US DISTRICT COURT, WDNY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA      :

                        -v-      :      03-CR-147E

DONALD D'ANGELO,      :

        Defendant.      :

---

## PLEA AGREEMENT

The defendant, DONALD D'ANGELO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant will admit to Charge No. 4 in the Petition for Summons for Offender Under Supervision, dated November 21, 2005, charging him with failing to provide full financial disclosure to the Probation Officer, for which the maximum sentence is a two-year prison term and an additional three-year term of supervised release, less any term of imprisonment imposed by the Court if supervised release is revoked.

2.  The defendant understands that, pursuant to Rule 32.1(a)(2) of the Federal Rules of Criminal Procedure, he has the right to a revocation hearing regarding the charges set forth in the Petition for Summons for Offender Under Supervision, and is further entitled: (1) to written notice of the alleged violation; (2) disclosure of the evidence against him; (3) to appear and present evidence on his own behalf; (4) to question adverse witnesses; and (5) to be represented by counsel. The defendant also understands that at such a hearing it would be the government's burden to prove the charged violation by a preponderance of the evidence. The defendant acknowledges and understands these rights, and waives them voluntarily and of his own free will.

## II. SENTENCING GUIDELINES

3.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty:

> (a) On August 1, 2003, the defendant pled guilty to Access Device Fraud, in violation of 18 U.S.C. Section 1029(a)(2). This plea carried a maximum

      term of imprisonment under the statute of 10 years, and a Guidelines range of imprisonment, considering the defendant's criminal history category I, of 30 to 37 months. Nevertheless, the parties agreed that the sentence should be adjusted downward according to Application Note 2 of Section 5G1.3(b), so that the defendant served a total combined state and federal sentence of not more than 36 months.

(b)   The defendant was sentenced on December 5, 2003, to a term of incarceration of 13 months, followed by 3 years of supervised release. One of the conditions of defendant's supervision was that he provide full financial disclosure to the United States Probation Office.

(c)   On November 21, 2005, a Violation Petition was issued, charging the defendant with five violations of his supervision, namely, (1) committing new criminal conduct; (2) leaving the district without the permission of the probation officer or the court; (3) illegal possession of controlled substances; (4) failing to provide full financial disclosure to the Probation Office; and (5) failing to pay restitution.

(d)   With respect to defendant's Charge No. 4, failure to provide full financial disclosure to the Probation Office, the defendant admits that he had unreported assets, namely, a trust fund worth approximately $27,000, and that he made unauthorized purchases, including a 2005 Jeep Liberty, which he registered in another person's name to avoid detection.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

5.      The government and the defendant agree that Guideline section 7B1.1(a)(3) [policy statement] applies to the violation and that the violation is a Grade C violation. The defendant has a criminal history category of I, and the Guidelines range is 3 to 9 months.

6.      The defendant understands that the Court must consider imposing a sentence within the above range, but the Court is not bound by this range and may impose any sentence of imprisonment it deems reasonable, up to two years.

7.      The defendant understands that the Probation Office will make an independent determination of the defendant's total offense level and criminal history category and that the Court will ultimately determine the sentence. The defendant will not be entitled to withdraw his guilty plea on account of the sentence imposed by the Court.

8.      The defendant also understands that as part of the sentence, the Court must reimpose the amount of restitution still owing, which, in this case, is $454,654.17.

### III.  GOVERNMENT RIGHTS AND RESERVATIONS

9.  At sentencing, the government agrees that it will take no position with respect to the imposition of any sentence that is within the sentencing guideline range specified in Section II.

10.  The defendant understands that the government has reserved the right to:

>  a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
>  b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and
>
>  c.  modify its position with respect to any recommendation the government agreed to make or not oppose in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendations.

11. At sentencing, the government agrees to dismiss Charges 1, 2, 3 and 5 of the Petition.

### IV.  APPEAL RIGHTS

12.  The government and the defendant agree that neither party will appeal a sentence imposed by the Court which falls

5

within the sentencing range set forth in Section II above, even if the Court reaches that range by a Guidelines analysis different from that set forth in this agreement.

13. In the event of an appeal from his sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## V. TOTAL AGREEMENT AND AFFIRMATIONS

14. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in this agreement.

KATHLEEN M. MEHLTRETTER<br>
Acting United States Attorney<br>
Western District of New York

BY: *MaryEllen Kresse*
    MaryEllen Kresse
    Assistant U. S. Attorney

Dated: Jan 27, 2006

I have read this agreement, which consists of 7 pages. I agree that it represents the total agreement reached between myself and the government. No promises or representations have

been made to me other than what is contained in this agreement. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

X _____
Donald D'Angelo
Defendant

Dated: __1/27__, 2006

_____
Joel L. Daniels, Esq.
Attorney for the Defendant

Dated: __1/27__, 2006